[No. 5747.]

## THE FARMERS' NATIONAL BANK OF LONGMONT v. THE UNION RESERVOIR COMPANY.

1. **Appeals—Harmless Error—**Error in one resolution of court below is harmless, where upon other grounds, sufficiently supported in the evidence, the decree is correct.—(468)

2. **When the Facts Will Be Reviewed—**A decree upon sufficient competent evidence, though in some respects conflicting, will be affirmed.—(469)

*Appeal from Weld District Court*—Hon. CHRISTIAN A. BENNETT, Judge.

Mr. F. A. WILLIAMS, for appellants.

Mr. F. P. SECOR, and Mr. J. T. ADAMS, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

The appellee reservoir company entered into a contract with certain persons whereby they agreed to build, or rather complete, an outlet or trench from its reservoir, within a specified time, for a certain consideration and in accordance with plans and specifications prepared by, and to the satisfaction and subject to the approval of, its engineer. A previous similar contract had been made between the same parties for this same work, which the contractors were unable to perform within the specified time, and this one took its place—the time of performance being extended, and being made of its essence. During the progress of the work the contractors borrowed various sums of money of plaintiff bank, with which to prosecute the work, and to secure payment thereof assigned to the bank the alleged balance due them on the contract, to recover which is the object of this action. In the answer of the reservoir company are two principal defenses: (1) nonperformance of the

contract in accordance with its terms and specifications; (2) because of such noncompletion and the abandonment of work by the contractors, defendant company was obliged to, and did, complete the contract at a cost greatly exceeding the alleged balance due. The court found all the issues in favor of defendant and dismissed the action.

It is, of course, conceded that unless the contractors, in a suit by them against the reservoir company, could recover a judgment upon the claim for an alleged balance, the bank could not maintain this action, since it is a mere assignee and stands in the shoes of its assignors. The three assignments of error upon which the appellant bank relies are (1) that the court erred in excluding evidence offered by it; (2) the findings and decree are contrary to the evidence, and to the weight of evidence; (3) the findings and decree are contrary to the law and the evidence. There is no controversy between the parties as to the law applicable to the facts. The court correctly applied the law.

1.   The first assignment of error, that the court erred in excluding evidence offered by the bank, might well be disregarded, because no reference is therein made to the folio numbers of the transcript where the rulings and exceptions, if any, appear, as rule 11 of this court requires. But it is more satisfactory to say that our examination of this general objection shows that it is clearly untenable. The other two assignments, to which the arguments and briefs of counsel have been chiefly directed, may be considered together.

2.   The appellant says that the findings of the court are not only contrary to the weight of evidence, but in some respects are not based upon any legal evidence whatever. We refer again to the issues made by the pleadings to which the evidence was

responsive. Time was expressly made the essence of the contract. There was an imperative need by the stockholders of water from its reservoir for their crops, not later than the time specified for the completion of the contract. Unless the outlet, or trench, was completed, water could not be available for that purpose. The court found upon sufficient legal evidence, and in fact it is conceded by plaintiff, that the work was not done within the specified time. Plaintiff contends, however, that such failure was not due to the contractors, but to defendant's conduct. The court found this issue against plaintiff. But if, in this respect, there was error, it is not prejudicial and not ground for reversal, because the court further found, upon conflicting evidence, that plaintiff's assignors failed substantially in other important particulars in the manner of performing the work under the contract; that they abandoned it; that defendant reservoir company was justified in terminating it, and was obliged to complete the contract at a cost greatly in excess of the balance which the assignors and the assignee claim still to be due. If, therefore, upon these issues the findings of the court should be sustained and rest upon sufficient legal evidence, the decree dismissing the action was right.

In a vigorous argument appellant's counsel insists that there is no legal or sufficient evidence to sustain these findings, that they are predicated upon insufficient data, and upon hearsay testimony of defendant's witnesses. To this point and to the unsubstantial character of this sort of testimony, and as sustaining his contention, *Hottel v. Poudre Valley R. Co.,* 41 Colo. 370, is cited. There this court held that certain findings made by the trial court could not be sustained because the only evidence in the record upon which they were, or could be, made was purely hearsay, conjectural, inadmissible, and sec-

ondary. The examination of the record in the pending case shows that, in the respects noted it is not similar, or analogous, to the *Hottel case*. There is abundant testimony in this record by competent witnesses and reliable data are furnished by witnesses who made the computation and estimate as to the cost and expense of completing the unfinished work which the contractors abandoned, upon which the court's findings were made. In brief, and without going into the evidence in detail, which would subserve no useful purpose, it is enough to say that the findings of the court, though made on evidence which in some respects is conflicting, are based upon legally sufficient and reasonably certain and reliable and accurate data furnished by competent witnesses.

Perceiving no prejudicial error in the record, the judgment is affirmed.              *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE MUSSER concur.